UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES D. B.,

Plaintiff,

v. 6:25-cv-01140 (ECC/CBF)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

OLINSKY LAW GROUP
250 South Clinton Street - Suite 210
Syracuse, NY 13202
Counsel for Plaintiff

HOWARD D. OLINSKY, ESQ.

SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235
Counsel for Defendant

GEOFFREY M. PETERS, ESQ.

**CARLA B. FREEDMAN**, United States Magistrate Judge

# REPORT-RECOMMENDATION AND ORDER[1]

James D. B. ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner" or "Defendant") that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. Dkt. Nos. 14, 15. For the reasons set forth below, the Court recommends that Plaintiff's motion be denied, Defendant's motion be granted, and the Commissioner's decision be affirmed.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(e).

## I. BACKGROUND[2]

Plaintiff filed applications for disability insurance benefits ("DIB") and for supplemental security income ("SSI") on August 16, 2021, and August 17, 2021, alleging disability beginning May 30, 2018. T. 120-21, 160-61, 407-13. The Social Security Administration denied the claims on January 20, 2022, and again upon reconsideration on February 17, 2023. T. 228-47, 251-76. On April 18, 2023, Plaintiff submitted a written request for a hearing before an Administrative Law Judge ("ALJ"). T. 10. ALJ Brian LeCours conducted Plaintiff's hearing on September 6, 2023, and May 21, 2024. T. 34-103.

On July 23, 2024, ALJ LeCours issued an unfavorable decision. T. 10-20. The ALJ concluded that: (1) Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2019; (2) Plaintiff has not engaged in substantial gainful activity since May 30, 2018, the alleged onset date; (3) Plaintiff has the following severe impairments: monocular vision status-post retinal detachment, proliferative diabetic retinopathy and regressing vitreous hemorrhage in the right eye with low vision, and diabetes mellitus with neuropathy and ocular complications; and (4) that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1.

The ALJ next determined Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations:

---

[2] The Administrative Record/Transcript is found at Dkt. No. 8. Citations to the Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF. Citations to the parties' briefs will use page numbers assigned by CM/ECF, the Court's electronic filing system.

> he has unlimited ability to stoop, kneel, crouch and crawl; he can occasionally balance and climb ramps and stairs; he can never climb ladders, ropes or scaffolds (a safety limitation); he can have occasional exposure to pulmonary irritants such as strong fumes, odors, dust and gases; he must avoid exposure to hazardous conditions such as unprotected heights and dangerous machinery; he can perform no driving duties; he is capable of avoiding ordinary workplace hazards, is able to work with small objects, he can frequently perform near & far acuity tasks, frequent accommodation, color vision, field of vision, but would have difficulty with depth perception, as the claimant essentially has monocular vision; claimant can read without difficulty.

T. 15. The ALJ found Plaintiff has no past relevant work but considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. T. 12-20. Based on these findings, the ALJ determined that Plaintiff has not been under a disability, as defined in the Social Security Act, from May 30, 2018, through the date of the decision. T. 20.

The Appeals Council denied Plaintiff request for review on June 18, 2025, thereby making the ALJ's decision the final determination of the Commissioner. T. 1-6. Plaintiff timely commenced this action on August 22, 2025. Dkt. No. 1.

## II. RELEVANT LEGAL STANDARDS

### A. Standard to Determine Disability[3]

To be considered disabled, a claimant seeking benefits must establish he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

[3] While the SSI program has special economic eligibility requirements, the requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, therefore, "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Additionally, the claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 423(d)(2)(A).

The Social Security Administration regulations outline a five-step process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008). The claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove the claimant is capable of working. *Id*.

### B. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the

correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## III. DISCUSSION

Plaintiff argues "[t]he ALJ's RFC assessment is the product of legal error because the RFC does not account for Plaintiff's medically determinable, non-severe mental impairments, and it is not supported by substantial evidence because the ALJ failed to properly evaluate the 'supportability' and 'consistency' factors when assessing the persuasiveness of medical opinion evidence." Dkt. No. 14 at 3. Defendant argues "substantial evidence supports the ALJ's evaluation of Plaintiff's mental impairments and related opinion evidence at step two and beyond." Dkt. No. 15 at 2.

The RFC is "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.1545(a)(1). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). "[A]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (summary order) (citing 20 C.F.R. § 404.1527(d)(2)).

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). The ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative medical findings. *See* 20 C.F.R. § § 404.1520c(a)-(c), 416.920c(a)-(c). Those factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. Id. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The ALJ must "explain how [he] considered the

supportability and consistency factors" for a medical opinion. *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may—but is not required to—explain how he considered the remaining factors. *Id*.

With respect to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. §§ 404.1520c(c)(1), 416.920c(c)(1). Regarding consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ's failure to explain the supportability and consistency of the medical opinions in the record is procedural error. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019); *see also Loucks v. Kijakazi*, No. 21-cv-1749, 2022 WL 2189293, at *2 (2d. Cir. June 17, 2022) (finding that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"). "However, "if 'a searching review of the record assures [the court] that the substance of the [regulation] was not traversed,'" the court may affirm the Commissioner's decision." *Stephanie F. v. Kijakazi*, No. 8:20-CV-1528 (BKS), 2022 WL 3355964, at *9 (N.D.N.Y. Aug. 15, 2022) (alteration in original) (quoting *Loucks*, 2022 WL 2189293, at *2, then quoting *Estrella*, 925 F.3d at 96).

Here, Plaintiff's primary argument in support of remand is not that the ALJ erred in concluding that Plaintiff's mental impairments were non-severe at step two,[4] but rather that the ALJ failed to incorporate those non-severe mental impairments into the RFC determination. *See* Dkt. No. 14 at 11. The Court disagrees.

"In formulating a claimant's RFC, the ALJ must 'consider' not only severe impairments, but non-severe impairments as well." *Richardson v. Comm'r of Soc. Sec.*, No. 21-CV-11146-LTS, 2024 WL 1363451, at *5 (S.D.N.Y. Mar. 29, 2024) (quoting 20 C.F.R. § 404.1545(a)(2)). Although Plaintiff contends otherwise, *see* Dkt. No. 14 at 15-18, the ALJ did do so here.[5]

In the narrative portion of the RFC analysis, the ALJ noted that during the initial application process, Plaintiff alleged disability due to "blind or low vision, depression, gastroparesis, high blood pressure, high cholesterol, Tyle I diabetes, vision issues and arm issues[.]" T. 16. The ALJ further noted that at the reconsideration level, "ADHD, COPD, asthma, cataract, diabetes neuropathy, and glaucoma were added to the list of limiting impairments." *Id*. The ALJ recounted that at the initial hearing, Plaintiff testified that his "ADHD has become worse with his vison problems and inability to focus." *Id*.

---

[4] At step two, the ALJ explained:

> There is mention of some mental health problems associated with ADHD, anxiety disorder and depressive disorder as well as a history of substance abuse history. However, when looking to the majority of the relevant time period, a finding of non-severe mental impairments is established and is supported by the overall totality of the documented medical evidence.

T. 13. Nonetheless the ALJ stated that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." T. 15.

[5] Accordingly, Plaintiff's reliance on *Rookey v. Comm'r of Soc. Sec.*, No.7:14-cv-914 (GLS), 2015 WL 5709216 (N.D.N.Y. Sept. 29, 2015), *see* Dkt. No. 14 at 16-18, and similar cases is misplaced.

The ALJ also evaluated the June 2024 opinion from treating provider Alison O'Brien, MD, which he found "no more than minimally persuasive." T. 18, 2607-12. The ALJ noted that Dr. O'Brien had been treating Plaintiff for 2.5 years and identified diagnoses of "type I diabetes mellites, blind in left eye, ADHD, depression, gastroparesis, and neuropathy." *Id.* at 18. As relevant here, the ALJ explained that "[t]he portions relating to the claimant's mental health are found to be non persuasive for the reasons previously discussed above. Again, the claimant regularly is found to have normal physical and mental examination[s]." *Id.*

Turning to the ALJ's discussion, that was "previously discussed above," *see Donna L. v. Comm'r of Soc. Sec.*, No. 5:23-CV-0655 (GTS/TWD), 2024 WL 3738067, at *1 (N.D.N.Y. Aug. 9, 2024) (explaining "the ALJ's decision must be read as a whole and findings made in other sections can inform a reviewer of the basis of the ALJ's RFC finding"), the Court "can readily glean the ALJ's rationale underlying the absence of any mental limitations in the RFC finding." *Id.*; *see Anastasia F. v. O'Malley*, No. 5:23-CV-637 (MJK), 2024 WL 1717094, at *4 (N.D.N.Y. Apr. 22, 2024) (noting that "the ALJ's decision should be read as a whole, and it would indeed create needless formality to require the ALJ to repeat his analysis to satisfy [an analytic] requirement" related to a later step of the sequential analysis).

To that end, the ALJ stated that "[t]he June 2024 opinion from Dr. O'Brien regarding the claimant's mental abilities and aptitudes is not very persuasive." T. 14. The ALJ explained:

> Dr. O'Brien notated that the claimant's depression is in partial remission, but that stress tolerance is markedly impaired. The outlined restrictions are not supported by the overall treatment records. Again, mental status examinations have been relatively benign. The claimant has routinely shown an ability to get along with others and display full functional abilities as it pertains to attention, concentration, and there are no significant reports of him having missed appointments or been late to substantiate any finding that he could not keep pace or adhere to a schedule. The treatment

> records also indicate that there has been no referral to psychiatry and that the claimant is not interested in therapy.

*Id*. (internal citations omitted).[6] By contrast, the ALJ was persuaded by the opinions offered by the consultative examiner, Sara Long, Ph.D., and the State agency consultants, M. Woogen, PsyD, and P. Roy-Petrick, PhD. *Id*. at 13-14.

In January of 2022, Dr. Woogen indicated Plaintiff's alleged mental impairments were "Non-Severe" and that there was insufficient evidence to fully evaluate Plaintiff's claims. *Id*. at 228-47.

In October of 2022, Dr. Long performed a consultative psychiatric evaluation. *Id*. at 974-78. She diagnosed adjustment disorder with depression and anxiety.[7] *Id*. at 977. In her medical source statement, Dr. Long opined:

> There do not appear to be limitations regarding simple and complex tasks and making appropriate decisions. There do not appear to be limitations regarding interacting adequately with others, maintaining attention and concentration, and maintaining a regular schedule. There appear to be at least moderate limitations regarding

[6] As the Commissioner correctly notes, "Plaintiff does not challenge the ALJ's rejection of Dr. O'Brien's opinion, thereby forgetting such objections." Dkt. No. 15 at 15; N.D.N.Y. General Order 18 ¶ C(1)D ("The issues before the Court are limited to the issues properly raised in the briefs.").

[7] During the exam, Plaintiff reported no psychiatric hospitalizations, outpatient treatment history, or current treatment. T. 975. Plaintiff could take care of his own grooming and cooking and shopping with assistance. *Id*. Plaintiff's socialization and family relations were reported to be "good." *Id*. His hobbies included "TV, radio, video games, going out to restaurants, latch hook, [and] video games." *Id*. As to his "current functioning," Plaintiff "reports stressors as depression and anxiety. He gives his impairment working as 'blind in left eye with cataract on top and very low vision in right eye.' No other psychiatric symptoms were endorsed. No suicidal or homicidal ideation was reported." *Id*. On exam, Plaintiff was cooperative with good social skills. *Id*. at 976. He was neat and well groomed. *Id*. Plaintiff's speech was fluent and clear with adequate receptive and expressive language. *Id*. His thought processes were coherent and goal directed, his affect was full range, and his mood was euthymic. *Id*. Plaintiff was oriented to person, place, and time with intact attention and concentration. *Id*. His recent and remote skills were intact. *Id*. Plaintiff's intellectual functioning was estimated to be in the average range with a good fund of information. *Id*. at 977. Plaintiff had fair insight and judgment. *Id*.

> regulating emotions. There do not appear to be limitations regarding controlling behavior, maintaining personal hygiene, and awareness of appropriate precautions.

*Id*.

In February of 2023, Dr. Roy-Petrick reviewed the available record, which included Dr. Long's opinion and, like Dr. Woogen, determined Plaintiff's mental impairments were "Non-Severe" and noted there was insufficient evidence to make a determination regarding Plaintiff's mental impairments between his alleged onset date of May 30, 2018, and his date last insured of September 30, 2019. T. 156-57. Proceeding with the SSI claim, Dr. Roy-Petrick determined Plaintiff had no limitations in understanding, remembering, or applying information; no limitations in interacting with others; no limitations in concentrating, persisting, or maintaining pace; and no limitations in adapting or managing himself. T. 133.

As noted above, the ALJ found Dr. Long's opinion mostly persuasive.

> The portion of the opinion outlining a limitation with regulating emotions is not persuasive. Not only does this source fail to identify how the limitation would affect work function, but the accompanying report does not outline any clinical evidence or objective observations of such. Rather, he was described as cooperative, with normal motor behavior and appropriate eye contact, which is consistent with the totality of the documented evidence. However, given the rather normal mental status examination and the reports of other acceptable medical sources, the remainder of Dr. Long's assessment is persuasive and supports a finding of non-severity.

T. 13-14.

Here, although Plaintiff deems the ALJ's analysis of Dr. Long's opinion "confusing," *see* Dkt. No. 14 at 15, the Court finds no error. *See* Dkt. No. 15 at 13-14. The ALJ appropriately discussed the factors of supportability and consistency and reasonably discounted Dr. Long's assessment of moderate limitations in regulating emotions, while finding the remainder of

opinion persuasive. *See Earl H. L. v. O'Malley*, No. 5:23-CV-00643 (AMN/ML), 2024 WL 4442724, at *10 (N.D.N.Y. July 26, 2024) ("The ALJ's assessment of the persuasiveness of the medical opinions is, at face value, valid, and 'it is not the function of the reviewing court to reweigh evidence.'") (quoting *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) (other citation omitted)), *report and recommendation adopted*, 2024 WL 4297113 (N.D.N.Y. Sept. 26, 2024); *see Tara M. B. v. Comm'r of Soc. Sec.*, No. 1:22-CV-1058 (MAD/DEP), 2023 WL 7286669, at *4 (N.D.N.Y. Sept. 21, 2023) (finding ALJ's review of supportability was sufficient where the ALJ stated that the doctor's opinion was only "somewhat supported by [his] examination report," as the degree of some limitations recommended were not supported by the doctor's own objective findings), *report and recommendation adopted*, 2023 WL 7281138 (N.D.N.Y. Nov. 3, 2023).

Insofar as Plaintiff claims the ALJ "cherrypicked" Dr. Long's opinion, *see* Dkt. No. 14 at 15, '"[t]here is no requirement that the ALJ accept every limitation in the opinion of a consultative examiner' as the ALJ is permitted to adopt the supported portions and reject those that are unsupported or contradicted." *Brenda J. T. v. Comm'r of Soc. Sec.*, No. 5:24-CV-00980 (LEK/PJE), 2025 WL 2933193, at *11 (N.D.N.Y. Aug. 31, 2025) (alteration in original) (quoting *Kitka v. Comm'r of Soc. Sec.*, No. 15-CV-0060 (DNH/ATB), 2016 WL 825259, at *9 (N.D.N.Y. Feb. 9, 2016), then citing *Jones v. Colvin*, No. 13-CV-1214 (DNH/CFH), 2014 WL 3728939, at *5 (N.D.N.Y. July 25, 2014) ("The ALJ is free to rely upon portions of a medical opinion that are 'internally consistent and well-supported by the objective medical evidence' and may reject portions that are contradicted by the doctor's own observations.") (internal quotation marks omitted)), *report and recommendation adopted sub nom. Brenda J.T. v. Commissioners of Soc. Sec.*, 2025 WL 2775914 (N.D.N.Y. Sept. 30, 2025).

Plaintiff contends "there is no difference between how [Dr. Long] describes her opinion regarding the 'at least moderate limitations' in regulating emotions and how she describes the remainder of her opinion where she opines that Plaintiff has no limitations . . . ." Dkt. No. 14 at 15-16. The Court disagrees. As the Commission points out, "[u]nlike her vague assessment of a moderate limitation in regulating emotion, the rest of Dr. Long's opinion clearly refers to specific work tasks." Dkt. No. 15 at 14 (citing 20 C.F.R. §§ 404.1522(b), 416.922(b) (explaining basic mental work tasks include understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting)).

In any event, considering the ALJ's step five determination, *see* T. 19-20, any error would be harmless. *See Raymond G. v. Comm'r of Soc. Sec.*, No. 21-CV-01172, 2023 WL 5400423, at *4 (W.D.N.Y. Aug. 22, 2023) ("'Unskilled jobs' accommodate moderate limitations regulating emotions, controlling behavior, and maintaining well-being."); *Kevin D. v. Kijakazi*, 2023 WL 8436638, *3 (W.D.N.Y. 2023) ("the jobs identified by the vocational expert in response to the ALJ's hypothetical were all unskilled positions, able to accommodate mild or moderate mental limitations").

Plaintiff also argues the ALJ's consideration of the prior administrative medical findings was flawed because, *inter alia*, "the ALJ's persuasiveness analysis does not evaluate their supportability and consistency . . . instead the ALJ offers the following circular and, at times, nearly indecipherable, persuasiveness analysis[.]" Dkt. No. 14 at 12-14.

> These acceptable medical sources consistently provided persuasive opinions correlating with a non-severe mental impairment and indicated that the claimant's understanding, remembering, or applying information, interacting with others, concentrate, persist, or maintain pace, and adapting or managing oneself are no more than mildly affected or that the claimant's psychiatric problems, in

> itself, are not significant enough to interfere with daily functioning, which is also representative of a non-severe impairment.

T. 13. The Commissioner contends, *inter alia*, the ALJ analyzed the supportability and consistency factors in the very next sentence, *see* T. 13 ("This is further supported by the claimant's reported activities, the overall record, and his presentation at hearing. . . ."), and the subsequent paragraphs. Dkt. No. 15 at 9.

Additionally, and in the alternative, the Commissioner maintains remand is not warranted on this ground for two reasons. *Id*. "First, at a bare minimum, the ALJ's consideration of the supportability and consistency factors 'can be gleaned from the ALJ's decision as a whole.'" *Id*. (quoting *John L. M. v. Kijakazi*, No. 5:21-cv-368 (BKS/TWD), 2022 WL 3500187, at *2 (N.D.N.Y. Aug. 18, 2022), then citing *Loucks*, 2022 WL 2189293, at *2 (where a "searching review of the record" shows that the ALJ did not traverse the substance of the regulation, the decision can be affirmed) (quotation marks and citation omitted)). "Second, even assuming *arguendo* the ALJ did not properly consider these factors, such error was harmless because the prior administrative medical findings do not contradict the ALJ's step two or RFC findings." *Id*. at 10 (citing *Sherry T. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00977, 2023 WL 8030129, at *6 (W.D.N.Y. Nov. 20, 2023) (affirming RFC finding that included no mental limitations in part because the opinion at issue "supported the ALJ's decision to not include mental limitations" and "the opinion was not more restrictive than the assessed RFC and would not have changed the determination")).

The Court agrees with the Commissioner that any error would be, at most, a harmless error. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (finding remand not appropriate if the ALJ committed harmless error, i.e., where "application of the correct legal principles to the record could lead only to the same conclusion") (alteration omitted) (citing *Johnson v. Bowen*,

817 F.2d 983, 986 (2d Cir. 1987)); *Mark E. v. Kijakazi*, No. 8:20-CV-0425 (FJS), 2021 WL 4168590, at *7 (N.D.N.Y. Sept. 14, 2021) (finding that error was harmless where "it would not alter the outcome of his claim"); *cf. Maria S. v. Comm'r of Soc. Sec.*, No. 21-cv-544 (NAM), 2022 WL 3017373, at *8 (N.D.N.Y. July 29, 2022) (remanding where the ALJ failed to apply the correct legal standards because "the Court cannot say that such errors were harmless as the little or no persuasiveness given to the[ ] medical opinions almost certainly affected the RFC determination").

To the extent that Plaintiff's argument can be read to suggest that the ALJ was required to include any limitations in the RFC related to his alleged mental impairments, "the law only requires the ALJ to evaluate non-severe impairments in the RFC analysis, not to include limitations in the RFC. . . . To hold otherwise would defy logic: requiring an ALJ to limit a claimant's ability to work due to a non-severe impairment suggests that the non-severe impairment causes significant work limitations, which runs counter to the non-severity finding." *Catherine Jean D. v. Comm'r of Soc. Sec.*, No. 20-CV-1581, 2022 WL 4115367, at *3 (W.D.N.Y. Sept. 9, 2022) (citation omitted). Certainly, by addressing Plaintiff's ADHD, depressive and anxiety disorders, and considering the opinions offered by Drs. O'Brien and Long, "the ALJ satisfied her duty to consider Plaintiff's non-severe impairments at step four." *Sandra H. v. Comm'r of Soc. Sec.*, No. 24-CV-291 (JLS), 2026 WL 2299579, at *4 (W.D.N.Y. Aug. 10, 2026) (citing *Larson v. Comm'r of Soc. Sec.*, No. 19-CV-0116, 2020 WL 5018331, at *6 (W.D.N.Y. Aug. 25, 2020) (explaining ALJ implicitly considers symptoms associated with a plaintiff's diagnosed impairments by considering the related medical evidence and associated medical opinions)); *see Desiree S. v. Comm'r of Soc. Sec.*, No. 22-CV-0985 (MAD/DEP), 2023 WL

7688690, at *6 (N.D.N.Y. Sept. 8, 2023) ("In assessing the ALJ's findings, his decision must be read as a whole.").

Lastly, although it was Plaintiff's duty to do so, he has failed to identify—let alone prove—any mental limitations that the ALJ should have included in the RFC. *See generally*, Dkt. No. 14; *see Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (explaining that plaintiff had a duty to prove a more restrictive RFC than the ALJ found); *Proper v. Astrue*, No. 6:10-cv-01221 (GTS/DEP), 2012 WL 1085812, at *13 (N.D.N.Y. Feb. 28, 2012) ("The plaintiff bears the burden to show that her RFC is more limited than that found by the ALJ.") (citation omitted), *report-recommendation adopted*, 2012 WL 1085810 at *4 (N.D.N.Y. Mar. 30, 2012); *see, e.g.*, *Oakes v. Colvin*, No. 5:13-cv-1374 (LEK/TWD), 2015 WL 1959681, at *6 (N.D.N.Y. Apr. 29, 2015) ("Plaintiff has failed to satisfy his burden of proving that [the impairment] resulted in any greater limitations than those already included in the ALJ's RFC finding.").

While Plaintiff may disagree with the ALJ's conclusion, Plaintiff's burden was to show that no reasonable mind could have agreed with the ALJ's conclusions, which he has failed to do. *See Cynthia M. v. Comm'r of Soc. Sec.*, No. 1:23-CV-00955, 2024 WL 4289537, at *9 (W.D.N.Y. Sept. 25, 2024) ("Plaintiff also has failed to show that the ALJ's RFC finding is unsupported by substantial evidence insofar as it does not include additional limitations related to her mild mental impairments. That is, Plaintiff has not shown that a reasonable factfinder would have to conclude that additional limitations were required in the RFC finding to account for Plaintiff's mild mental impairments.").

"[U]nder the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have

reached the ALJ's conclusions based on the evidence in the record." *Megan Ann G. v. Comm'r of Soc. Sec.*, No. 5:23-CV-0298 (DNH/TWD), 2024 WL 4110742, at *5 (N.D.N.Y. Aug. 19, 2024) (citing *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012), *report and recommendation adopted sub nom. Megan G. v. Comm'r of Soc. Sec.*, 2024 WL 4107708 (N.D.N.Y. Sept. 6, 2024). Indeed, the relevant inquiry is "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 29 (2d Cir. 2013) (emphasis is original) (citing *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013)) (additional citation omitted).

In sum, the ALJ's decision was supported by substantial evidence in the record and any error was harmless. Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta*, 508 F. App'x at 56, and because the ALJ did that, the ALJ's decision was supported by substantial evidence, and the Court will not second-guess it, *see Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) be **DENIED**; and it is further

**RECOMMENDED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) be **GRANTED**; and it is further

**RECOMMENDED** that the Commissioner's decision be **AFFIRMED** and that the complaint (Dkt. No. 1) be **DISMISSED**; and it is

**ORDERED** that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 2, 2026
Syracuse, New York

Carla B. Freedman
U.S. Magistrate Judge