**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES D. B.,[1]

Plaintiff,

6:25-cv-1140
(ECC/CBF)

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

Howard D. Olinsky, Esq., *for Plaintiff*
Geoffrey M. Peters, Special Asst. U.S. Att'y, *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff James D.B. filed this action under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security denying his application for disability insurance benefits. Dkt. No. 1. This matter was referred to Magistrate Judge Carla B. Freedman for a Report-Recommendation. *See* Dkt. Nos. 4, 5, 13; N.D.N.Y. L.R. 72.3(e). On September 2, 2026, after reviewing the parties' briefs and the Administrative Record,[2] Dkt. Nos. 8, 14, 15, 16, Magistrate Judge Freedman issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's motion for judgment on the pleadings be granted, and that the Commissioner's decision be affirmed. Dkt. No. 16. Plaintiff timely filed an objection to the Report-Recommendation. Dkt. No. 18. For the following reasons,

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

[2] The Court cites to the Bates numbering in the Administrative Record, Dkt. No. 6, as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

the Court adopts the Report-Recommendation in its entirety and upholds the decision of the Commissioner.

## I. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## II. DISCUSSION

### A. Report-Recommendation

Plaintiff has not raised any objections to the factual background or the legal framework set forth in the Report-Recommendation. *See* Dkt. No. 17 at 1-5. The Court therefore adopts Magistrate Judge Freedman's summary of the factual and procedural background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

As relevant to his objection, Plaintiff argued before Magistrate Judge Freedman that the ALJ's RFC assessment was legally insufficient because the ALJ did not consider Plaintiff's mental-health related symptoms when determining the RFC. Dkt. No. 14 at 16-18. Plaintiff argued that the failure to discuss Plaintiff's mental health symptoms after the step two analysis,

especially the failure to discuss them in terms of how they affected Plaintiff's RFC, was error. *Id.* at 17-18.

Magistrate Judge Freedman rejected Plaintiff's argument for several reasons. First, she noted the ALJ's various references to Plaintiff's mental health impairments in the narrative portion of the RFC analysis, including Plaintiff's allegations of disability stemming from depression during the initial application process, his additional allegations of disability stemming from ADHD at the reconsideration level, and Plaintiff's testimony at the initial hearing that his "ADHD has become worse with his vision problems and inability to focus." Dkt. No. 17 at 8 (citing R.16).

Magistrate Judge Freedman then pointed to the ALJ's evaluation from treating provider Alison O'Brien, MD, whom the ALJ noted had identified Plaintiff with a diagnosis for depression. *Id.* at 9 (citing R.18, 2607-12). Magistrate Judge Freedman highlighted the ALJ's explanation that the portions of Dr. O'Brien's opinion "relating to the claimant's mental health are found to be non persuasive for the reasons previously discussed above. Again, the claimant regularly is found to have normal physical and mental examination[s]." *Id.* (citing R.18). Magistrate Judge Freedman interpreted the ALJ's statement in this regard as referring to the ALJ's earlier assessment of the medical evidence surrounding Plaintiff's mental limitations in his step two analysis, and found that the Court could glean the ALJ's rationale underlying the absence of any mental limitations in the RFC finding from that earlier section of the opinion. *Id.* (citing to, among other things, *Donna L. v. Comm'r of Soc. Sec.*, No. 5:23-cv-0655 (GTS/TWD), 2024 WL 3738067, at *1 (N.D.N.Y. Aug. 9, 2024) (explaining "the ALJ's decision must be read as a whole and findings made in other sections can inform a reviewer of the basis of the ALJ's RFC finding"). Magistrate Judge Freedman proceeded to evaluate the ALJ's assessment of the various opinions regarding Plaintiff's mental limitations, and ultimately concluded that "by addressing Plaintiff's ADHD, depressive

and anxiety disorders, and considering the opinions offered by Drs. O'Brien and Long, 'the ALJ satisfied her duty to consider Plaintiff's non-severe impairments at step four.'" *Id.* at 15 (quoting *Sandra H. v. Comm'r of Soc. Sec.*, No. 24-cv-291, 2026 WL 2299579, at *4 (W.D.N.Y. Aug. 10, 2026)).

### B. Plaintiff's Objection

Plaintiff's objection to Magistrate Judge Freedman's Report-Recommendation mirrors the argument contained in his original brief: that "the ALJ's reasoning as to why he did not include any mental limitations in the RFC should have been stated in his decision." Dkt. No. 18 at 2. Plaintiff maintains that the ALJ "must *explain* the rationale behind the RFC determination, including the rationale behind why limitations were either rejected or accepted." *Id.* Plaintiff contends that the ALJ did not provide such explanation, and that his decision "does not clearly show how" the ALJ concluded that Plaintiff had no mental work-related limitations. *Id.* at 2-3.

To Plaintiff's point, courts consistently order remand where an ALJ does not consider non-severe mental impairments when determining a claimant's RFC and/or provide an explanation supporting the omission of limitations stemming from non-severe mental impairments. *See Laura Anne H. v. Saul*, No. 6:20-cv-397 (TWD), 2021 WL 4440345, at *9-*10 (N.D.N.Y. Sept. 28, 2021) (collecting cases). Furthermore, an ALJ's limited reference to the RFC at the conclusion of his step two analysis is generally deemed an insufficient substitute for a proper RFC analysis. *See, e.g., Mandy C. v. Saul*, No. 5:18-cv-982 (CFH), 2020 WL 1245348, at *6 (N.D.N.Y. Mar. 16, 2020) ("Given the absence of any 'mental restrictions or limitations' in the RFC, the ALJ's reference to the proper standard set forth in the regulations, without more, is insufficient 'lip service' and indicates the ALJ 'simply rel[ied] on his finding of non-severity as a substitute for a proper RFC analysis.'") (alteration in original) (quoting *MacDonald v. Comm'r of Soc. Sec.*, No. 17-CV-921, 2019 WL 3067275, at *1 (W.D.N.Y. July 11, 2019)) (other citations omitted).

This case, however, is not analogous to those where an ALJ entirely failed to explain how he grappled with a claimant's mental impairments in determining the RFC, or generally relied on his finding of non-severity at step two as the basis to omit any mental limitations in the RFC without further explanation. Here, at step two, the ALJ engaged in a thorough evaluation of the evidence surrounding Plaintiff's mental health impairments in conjunction with his finding that these impairments were non-severe, including a recitation of his treatment history, evaluation of the medical records and opinions, and consideration of Plaintiff's activities of daily living. R.13-15. The ALJ proceeded in the sequential analysis to form an RFC, which did not include any mental limitations. R.15. In conjunction with the RFC, the ALJ included an analysis largely focused on Plaintiff's physical impairments. R.15-18. The ALJ was not required to duplicate his detailed evaluation of the evidence concerning Plaintiff's mental impairments at step two, though; the question is whether he sufficiently explained his consideration of Plaintiff's severe and non-severe impairments in forming an RFC that contained no mental limitations. To this end, the Court agrees with Magistrate Judge Freedman's conclusion that the ALJ met his obligation in this regard. Considering the ALJ's decision as whole, including his detailed evaluation of the evidence concerning Plaintiff's mental health impairments, reference to and explicit reliance on these findings in determining Plaintiff's RFC, and his separate and independent reliance on Plaintiff's "normal . . . mental status examinations" in forming an RFC that did not contain any mental restrictions, the Court is assured that the ALJ did not merely rely on his finding of non-severity at step two, but "actually considered [Plaintiff's] mental issues when addressing [his] RFC," and remand is not warranted on this basis. *Mandy C.*, 2020 WL 1245348, at *5.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 14, is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, is **GRANTED**; and it is further

**ORDERED** the Commissioner's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: September 29, 2026

Elizabeth C. Coombe
U.S. District Judge